4 U.S. 246 (____)
4 Dall. 246
Jones et al.
versus
The Insurance Company of North-America.
Supreme Court of United States.

*247 Dallas, for the plaintiffs.
Ingersoll, E. Tilghman, and Moylan, for the defendants.
The CHIEF JUSTICE delivered the unanimous opinion of the Court (all the Judges being present) in the charge to the jury.
SHIPPEN, Chief Justice.
There is no direct judicial authority in the books, upon the case now before the Court. The case must, therefore, be decided either upon principle, or upon usage.
The present policy is an insurance upon freight, against the peril of an embargo, as well as against the other enumerated perils. The expense for seamen's wages and provisions, claimed upon the policy, was an immediate consequence of the embargo at Bourdeaux. That expense, it has been often decided, does not fall upon the underwriters of the ship, or the cargo; but, it is remarkable, that Judge BULLER (a Judge of uncommon understanding and precision) when, concurring in that opinion, emphatically adds, "the freight must bear it:" and, if the freight must bear *248 it, the implication is strong, that the policy upon freight, must be the appropriate instrument of indemnity.
Considering the point, however, abstractedly, upon principle, it is naturally asked, why the law should admit, upon every other subject of insurance, a recovery against the underwriters, for a partial, as well as for a total, loss; and exclude such a recovery, in the instance of freight? Freight is exposed to a partial diminution of its value, as well as the ship, or the cargo; and, equally with those, contributes to the payment of a general average, arising from a loss, in its nature partial. The assured on freight, too, may abandon to the underwriters, in the same cases of a loss, not actually, but constructively, total, in which the abandonment is permitted to the assured upon the ship, or cargo. Where, then, is the ground of descrimination, upon the present question? Though the assured receive, nominally, the amount of the freight, from the shippers, they receive, in fact, so much less of the valued freight, than they would have received, if there had been no embargo, as is the amount of the expense, which the embargo occasions. The injury is done exclusively to the freight; and if the detention were long, it might, in some cases, amount to the whole freight. Now, every insurance is meant to be an indemnity; but refuse to pay the assured upon freight, the extracharge, a charge not contemplated in the ordinary course of the voyage, which falls upon freight, in consequence of an embargo (a risque insured against) and how can the insurance be called an indemnity? In short, though the case has not hitherto been expressly decided; and though we have not had much time for deliberation; yet, we think, that as far as the opinion of the Judges of England can be ascertained, by a fair inference, from the expressions of the books; and, we are confident, by a fair application of the principle of insurance; the plaintiffs are entitled to a verdict, unless there is a settled, uniform, usage of commerce, to the contrary.
The existence of such a usage was strongly stated, in the opening of the defence; and we expected to receive light and satisfaction from the evidence upon the subject: for, the usages of any trade; but, above all, the usages of trade and commerce, in giving a practical construction to policies of insurance; are of so high a consideration, that they are deemed to be a part of the express and written contract, whenever they are proved with sufficient certainty. Nor is a usage of trade, to be scanned by the strict rules, for the allowance of a common law custom. If it exists; if it is known and uniform; and if it is not, in itself, unlawful; it ought to prevail in the decision of a commercial controversy.
But, we confess, that we have been disappointed in our own general expectations; though we leave it to the jury (whose exclusive province it is) to decide upon the proof of the usage, in the present case. It appears, that the question has seldom occurred *249 among the merchants and underwriters of Philadelphia; and, in the few instances, in which it has occurred, the demand has been as often allowed, as it was rejected. Still, however, we repeat, the jury have a right to pronounce their own sense of the evidence. If they think, a commercial usage upon the subject has been proved, in opposition to the claim of the plaintiffs, their verdict must be for the defendants. But, in the absence of any commercial usage, the weight of authority and principle, seems to call for a contrary decision.
Verdict for the plaintiffs.
The same Cause.
THE charge was delivered on Friday evening, the 17th of December, and the Court immediately adjourned. On the next morning, when the jury were at the bar, ready to deliver a verdict, the defendant's counsel, for the first time, tendered exceptions to the charge of the Court. The counsel for the plaintiff insisted, that the exceptions were tendered too late; and the Court kept the subject under advisement, that the parties might examine the precedents.
At a subsequent day, the plaintiffs' counsel, admitted that there was a variance in the precedents; and that the statute of West. 2. 13 Ed. 1. (which gives the bill of exceptions) is silent on the point. But he contended, that as all the books of practice declare, that the exception must be taken at the trial; and that the bill itself must be tendered before the verdict; the notice of the exception must be taken, instanter, when the exceptionable matter occurs, though the form may be afterwards drafted. Bull. N.P. 315. 319. Tidd. 312. 314, 315. 317. 1 Salk. 288. 2 Bl. Rep. 929. Cowp. 494. 1 Bl. Rep. 556. 11 Mod. 175, 6. 8 Mod. 220, 1. 2 H. Bl. 200. 8. 2 T. Rep. 54. 3 Burr. 1692. 1 Bl. Com. 556, 7. Lilly's Ent. 249, 250. 275. 1 Bons. & Pull. 32. Cro. C. 341. Doug. 122.
The opposite counsel, referring to the same precedents, relied upon the the form in Bull. N.P. and insisted, that a bill of exceptions to the charge, might be tendered at any time before the verdict.
By the COURT:
On a consideration of the authorities cited, and of our own practice, we do not think, that the defendants were too late in tendering their exceptions. The bill, therefore, may be reduced to form, and will be allowed. Even if we had *250 doubted on this point, we should have been inclined to afford an opportunity, for the revision of our opinion on the principal question; however satisfied we are, in our own minds, that it is correct in principle and law.[(1)]
NOTES
[(1)] In the case of Kingston v. Girard, the Court declared, that, after long and mature consideration, they were perfectly satisfied with their decision in Jures et al. v. The Insurance Company of North America. The case is still depending in the High Court of Errors and Appeals, upon the bill of exceptions. It has been once argued there; but a second argument has become necessary, in consequence of several changes on the bench.